The Honorable Alan H. Schreiber Public Defender Broward County Court House 201 Southeast 6th Street, Room 740 Fort Lauderdale, Florida 33301
Dear Mr. Schreiber:
As Public Defender for the Seventeenth Judicial Circuit in Broward County, you have asked for my opinion on substantially the following question:
 Is the public defender authorized to make payment to secretarial and clerical personnel of that office for unused annual leave (vacation time)?
In sum:
 The public defenders of all judicial circuits are required to develop a coordinated classification and pay plan for their personnel pursuant to s. 27.53(1), F.S. To the extent that payment for unused annual leave is authorized by such a plan, a public defender may make such payment. However, the advisability of implementing such a plan is a policy decision which must be made by the public defender.
Your letter states that in the past, the Office of the Public Defender, 17th Judicial Circuit, has permitted secretarial and clerical personnel to accumulate unused annual leave. However, due to implementation of a new office manual, it is clear that all annual leave must be used by the employee during the year in which it is earned or such leave is lost. Your question is prompted by a need to develop a system to convert to the new manual.
Section 27.53(1), F.S., provides, in part, that:
 The public defender of each judicial circuit is authorized to employ and establish, in such numbers as he shall determine, assistant public defenders, investigators, and other personnel who shall be paid from funds appropriated for that purpose. The public defenders of all judicial circuits shall jointly develop a coordinated classification and pay plan. . . .
The plan is to be developed in accordance with the policies and procedures of the Executive Office of the Governor established pursuant to s. 216.181, F.S., and to be submitted to the Judicial Administrative Commission and the offices of the President of the Senate and the Speaker of the House of Representatives on or before January 1 of each year.
In general, state employee personnel matters are regulated by Ch.110, F.S. Part II of Ch. 110, F.S., makes provision for such personnel concerns as the development and administration of personnel rules, records, and reports, creation of the career service system, pay plans, and attendance and leave.[1]
However, all members, officers, and employees of the judicial branch, have been specifically exempted from the provisions of Part II of Ch. 110, F.S., Florida's Career Service System.[2]
Employees of the public defender are not, therefore, subject to the classification and pay plans established by the Department of Administration for such career service positions, or other provisions of Part II, Ch. 110, F.S.
I am not aware of, nor have you brought to my attention, any statutory provision which circumscribes the authority of the public defenders of this state to provide annual leave or to regulate its use in any classification or pay plan developed in accordance with s. 27.53(1), F.S.[3]
When a general power has been granted to a public office unaccompanied by definite directions as to how the power is to be exercised, such a grant implies the right to employ the means and method necessary to comply with the statute.[4] The public defender has been authorized to develop a classification and pay plan and no other statute of which I am aware addresses the implementation of such a plan in terms of how annual leave is to be used; therefore, the public defender may employ the means necessary to implement the plan.[5]
Section 27.53(1), F.S., which directs the public defenders to develop a classification and pay plan for their employees constitutes a general grant of authority to the public defenders to formulate certain personnel policies to be included within such plan. In light of this general authority and the exemption of employees of the public defender's office from the statutes and rules regulating leaves of absence for career service employees, it is my opinion that the public defender possesses the authority to develop a classification and pay plan which provides payment to employees for unused annual leave which has been accrued prior to such payment.
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] See, s. 110.201, F.S. (personnel rules, records, and reports); s. 110.205, F.S. (career service); s. 110.209, F.S. (pay plans); and s. 110.219, F.S. (attendance and leave).
[2] See, s. 110.205(2)(c), F.S.
[3] Compare, s. 110.219, F.S., regulating attendance and leave for full-time state employees and authorizing the adoption by the Department of Administration of rules to implement the provisions of this statute, including rules dealing with annual leave.
[4] See, In re Advisory Opinion to the Governor, 60 So.2d 285
(Fla. 1952); see also, AGO's 85-38 and 81-100.
[5] Accord, AGO 85-38 (s. 27.25[1], F.S., grants the state attorneys the discretion to formulate the types of leave available to employees of their offices and the compensation therefor).